**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JACOB ANDRE BOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-35-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES E. SAMUELS, JR., Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Jacob Andre Bolden, an individual currently incarcerated in the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, together with a motion to proceed *in forma pauperis*. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970). For the reasons to be discussed below, the instant petition will be denied and the matter dismissed.

<u>CLAIMS</u>

The Petitioner attacks the federal conviction for which he is serving a sentence on the ground that the trial court did not have subject matter jurisdiction. Therefore, he asserts that he is entitled to relief because: (1) his rights under the First, Fifth, and Sixth Amendments were

violated; (2) this automatically gives rise to a claim of actual innocence; and (3) his counsel rendered ineffective assistance in not challenging the court's jurisdiction.

FACTUAL ALLEGATIONS

The following is a summary or construction of the factual allegations in the Petitioner's initial filings, including a completed §2241 form, a memorandum of law and several exhibits. [Record No. 1]  Pursuant to a plea agreement, which he attaches, the Petitioner was convicted of armed bank robbery and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§2, 2113(a), (b), and (d) and §924(c), in the United States District Court for the Western District of North Carolina, Asheville Division, *United States v. Jacob Andre Bolden*, No. 99-CR-074.  On April 26, 2000, he was sentenced to be imprisoned for 188 months on the bank robbery count and a consecutive 84-month term for the firearm charge, for a total term of incarceration of 272 months.  Bolden did not appeal.

The Petitioner states that he later filed a motion to vacate, alter or amend the judgment, pursuant to 28 U.S.C. §2255 (Case No. 02-CV-103) but the motion was denied on July 15, 2002. The Petitioner does not make further allegations about that proceeding, but he attaches a copy of the *pro se* motion which he entitled "Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to 28 USC Rule 12(h)."

A reading of his motion reveals that Bolden relied on Federal Rule of Civil Procedure 12(h) and Fed. R. Civ. P. 60(b)(6).  He argued that, in the Banking Act of 1953, Congress provided for the Federal Deposit Insurance Corporation ("FDIC") to insure banks, but that insurance did not include coverage for robbery, theft or embezzlement.  Therefore, the Petitioner

-2-

argued that the federal government did not have jurisdiction to prosecute him, and he is entitled to release.

The Petitioner's motion was construed as one brought pursuant to 28 U.S.C. §2255. That motion was denied by the trial court as untimely. Interestingly, the Petitioner filed an appeal of that ruling, but that appeal was also untimely. Therefore, the appellate court denied the appeal for lack of jurisdiction. *United States v. Bolden*, 71 Fed.Appx. 249, 2003 WL 21919894 (unpublished) (4th Cir. 2003).

Bolden now comes to this Court with his lack-of-subject-matter-jurisdiction claim. His typewritten petition reads like a treatise on the importance of subject matter jurisdiction, the legislative history of 18 U.S.C. §2113, and the establishment of the FDIC. He also examines 18 U.S.C. §924(c)(1) and claims that it "borrows the jurisdictional nexus from the underlying offense, in this case bank robbery." Therefore, since the trial court lacked jurisdiction for the bank robbery conviction, he reasons, it also lacked jurisdiction over the firearms charge and conviction. The Petitioner stresses that the federal court has an obligation to question its own jurisdiction, lists jurisdictional questions which the government should have to answer, and asks this Court to dismiss the indictment.

<u>DISCUSSION</u>

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Under certain circumstances, however, prisoners may invoke the

"savings clause" at the end of the fifth paragraph of 28 U.S.C. §2255 to press challenges to their

criminal convictions under Section 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not be
> entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, unless
> it also appears that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. §2255, ¶5.  Consistent with this statute, a §2241 petitioner must demonstrate that his

remedy under Section 2255 is inadequate or ineffective to test the merits of his sentencing court

claims before another court may consider them on the merits, under its Section 2241 jurisdiction.

Accordingly, to determine whether a §2241 petition may be considered on the merits, the

federal district court must ask under what circumstances a petitioner's remedy under Section

2255 is considered "inadequate or ineffective."  The Sixth Circuit addressed this question by

negative example in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999).  In *Charles*, the Sixth

Circuit began by emphasizing that relief under Section 2241 is not a "catch all" remedy, but is

extremely limited and available only upon the petitioner's demonstration that his Section 2255

remedy is truly "inadequate and ineffective."  *Id.* at 756.

The *Charles* Court made clear that a prisoner cannot satisfy the inadequate or ineffective

requirement merely by demonstrating that he is time-barred from bringing a Section 2255

motion, or that he had already moved unsuccessfully for relief in a prior Section 2255 motion.

*Id*. at 757.  Further, habeas corpus relief is unavailable if a federal prisoner fails to avail himself

of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his

conviction or sentence under pre-existing law.

-4-

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*:  whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable, and hence ineffective to raise a new claim, *and* where he claims "actual innocence."  The answer was yes.  A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute.  In such instances, there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted.

By the express terms of the statute, Section 2255 permits a petitioner to bring a second or successive Section 2255 motion only: (1) based upon newly-discovered evidence that casts significant doubt on Petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases.  Because a Supreme Court decision interpreting a criminal statute does not fall within either of these exceptions, a prisoner like the petitioner in *Martin* cannot bring a second or successive Section 2255 motion.  Therefore, prisoners often attempt to use Section 2241 to bring their claims before the court in the district where they are in custody.

Such appears to be the case here.  According to the Petitioner's allegations of fact, he has already filed the one §2255 motion to which all prisoners are entitled.  Because he is not permitted to file a second Section 2255 motion under the standards discussed in the preceding paragraph and he is now in custody in the Eastern District of Kentucky, he has brought his claim

-5-

concerning the trial court to this Court, pursuant to §2241.  The Court construes the Petitioner as claiming this Court's jurisdiction to hear his claim under the savings clause, *i.e.*, because his remedy by a §2255 motion is  inadequate and ineffective, this Court may hear it under its §2241 jurisdiction.  As stated previously, this Court may reach the merits of a challenge to a prisoner's conviction and/or sentence, under its §2241 jurisdiction, only when the prisoner establishes: (1) that his or her remedy under Section 2255 is inadequate or ineffective to challenge the legality of his/her conviction *and* (2) that he or she has a claim of actual innocence under an intervening Supreme Court case interpreting the criminal statute under which he/she was convicted.  *Martin*, 319 F.3d at 804;  *see In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").[1]

Thus, this Court must evaluate the Petitioner's claims under the analytical framework described above to determine whether he may challenge his conviction and sentence in a habeas corpus petition under Section 2241, pursuant to the narrow authorization to do so in the savings clause of Section 2255.  Having done so, however, the Court finds that Petitioner's allegations fail to pass the threshold test for such use of Section 2241.

---

[1]  *See also United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000) (*Bousley* teaches that when the Supreme Court narrows the interpretation of a criminal statute enacted by Congress, that interpretation may be applied retroactively to §2255 motions for post-conviction relief); and *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing  *Davis v. United States*, 417 U.S. 333 (1974)).

The Petitioner has not established either of the prerequisites for using §2241. *Charles* has explicitly held that a time bar or earlier unsuccessful §2255 motion does not render the prisoner's remedy *via* §2255 inadequate or ineffective. And *Martin* showed the importance of the second component, *i.e.*, how an intervening Supreme Court case interpreting the statute under which the prisoner was convicted, can make the prisoner's conduct not criminal.

Most importantly, the instant Petitioner's claims are not claims of actual innocence of armed bank robbery, as "actual innocence" is discussed in *Bousley v. United States*, 523 U.S. 614, 620 (1998) (factual, not legal innocence) and in *Martin*, 319 F.3d at 805 (The claim of actual innocence of criminal conduct must be based on a Supreme Court decision "[involving] statutory interpretation," which was "decided after the defendant filed his first Section 2255 motion"). The instant petitioner's claim simply is not based on a qualifying U.S. Supreme Court decision.

Because Petitioner Bolden has not met the two requirements for use of the savings clause of §2255, he cannot pursue the instant claims challenging the validity of his convictions in this Court under §2241. *Bousley*, 523 U.S. at 620. For the foregoing reasons, the Court must dismiss the instant §2241 petition for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

<u>CONCLUSION</u>

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)      Petitioner Jacob Bolden's motion to proceed *in forma pauperis* is **GRANTED**.

(2)      Petitioner Bolden's petition for writ of habeas corpus is **DENIED**.

(3)     This action will be **DISMISSED** from the docket of the Court.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 6th day of March, 2006.

Signed By:

_**Danny C. Reeves**_   DCR

**United States District Judge**

-8-