UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JACOB ANDRE BOLDEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 06-35-DCR |
| ) | |
| V. ) | |
| ) | |
| CHARLES E. SAMUELS, JR., Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Jacob Andre Bolden's *pro se* motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. [Record No. 12] On March 6, 2006, this Court entered an Order dismissing Bolden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On that same date, the Court entered judgment in favor of the Respondent Warden Charles Samuels, Jr. The Court did not address the merits of Bolden's claims because it found that he was challenging his conviction and sentence without showing that his remedy through 28 U.S.C. § 2255 was inadequate or ineffective. Bolden appealed this decision. On September 25, 2007, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision.

Bolden has now moved the Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to set aside its Order dismissing the § 2241 petition. Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that:

1

>  (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Bolden argues that he is entitled to relief under Rule 60(b)(4) because "this Court's order o[f] March 6th, 2006 is VOID, as it denied Movant's Due Process rights." [Record No. 12]  A judgment is void under Rule 60(b)(4) "[o]nly in the rare instance of a clear usurpation of power" by the court. *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001).  Under Rule 60(b)(4), a judgment is rendered void only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citing *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)).  In this case, Bolden has failed to demonstrate any factors that would render this Court's judgment void.  Therefore, the Court finds that Bolden has failed to show any legitimate ground for relief from judgment.  Accordingly, it is hereby

**ORDERED** that the Petitioner's Motion for Relief from Judgment [Record No. 12] is **DENIED**.

This 3rd day of April, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge